United States District Court
Southern District of Texas
**ENTERED**
October 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CRUZ  RAMIREZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-264 |
| | § | |
| CAJUN PRESSURE CONTROL, LLC, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER GRANTING MOTION TO STRIKE ANSWER TO COMPLAINT AND TO ENTER DEFAULT

Pending before the Court is Plaintiffs' motion to strike Defendant's answer and to enter default (D.E. 29) to which Defendant did not respond.  For the reasons discussed more fully below, Plaintiffs' motion is granted.

### JURISDICTION

This court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  28 U.S.C. § 1391(b)(1).

### BACKGROUND

Plaintiff Cruz Ramirez alleges that he worked for Defendant Cajun Pressure Control, LLC, as an operator/field service worker from November 2014 through May 20, 2015.  During that time, his duties included maintaining and servicing oil and gas production facilities and overseeing the testing and monitoring of wells, pumps, storage facilities and other pressure control equipment at various locations in South Texas.

Defendant provided Plaintiff with all the necessary tools and instructions needed to do his job.

Plaintiff Ricardo Pena worked for Defendant from February 2015 through May 29, 2015, also as an operator/field service worker.  His duties were substantially similar to those of Ramirez and Defendant provided Pena with the necessary tools and instructions to do his job.

Ramirez and Pena assert that they were non-exempt employees and entitled to be paid their regular hourly wage plus an overtime premium for all hours worked over forty during a workweek.  However, Defendant failed to pay Plaintiffs the overtime compensation they were due.

Ramirez and Pena filed a complaint alleging a cause of action for violation of the Fair Labor Standards Act (FLSA) on June 12, 2015.  In their complaint, they allege that Defendant has failed to pay employees overtime premiums to which they are entitled and makes a regular practice of not paying overtime to employees who are entitled to it. Instead, Defendant pays several different categories of employees a salary plus a "day-rate."   Ramirez and Pena assert that other employees worked alongside them and performed work that is similar in nature to that performed by them, making the other employees similarly situated in terms of their job duties.

Defendant filed its answer on July 31, 2015, denying Plaintiffs' allegations and asserting several affirmative defenses (D.E. 8).  On October 19, 2015, Defendant's counsel filed a motion to withdraw, asserting that counsel had been unable to contact Defendant or its owner for several months (D.E. 13).  Counsel was allowed to withdraw

on December 3, 2015, and Defendant was ordered to appear with new counsel within thirty days (D.E. 20).  Neither Defendant nor its owner have filed anything in this case since that time, and no attorney has made an appearance on behalf of Defendant.  On January 14, 2016, the Magistrate Judge entered an Order requiring Defendant to show cause, within twenty days, for failure to comply with the Order to appear with new counsel (D.E. 22).  The Order advised Defendant that failure to timely comply would result in the imposition of sanctions, including "monetary sanctions, forfeiture of an opportunity to object to Plaintiff's motion for conditional class certification, the granting of the conditional class certification motion, and the entry of default and default judgment." (*Id.*).  Defendant failed to comply with the Order.  On February 23, 2016, an Order was entered conditionally certifying a collective action (D.E. 24), and since that time, several Plaintiffs have joined the litigation.  On August 17, 2016, Plaintiffs filed a motion to strike Defendant's answer and to enter default for failure to appear and participate in the lawsuit (D.E. 29).

## APPLICABLE LAW

### A.  Local Rule

Pursuant to Local Rule 7.4 of the Local Rules for the Southern District of Texas, failure to respond to a motion will be taken as a representation of no opposition.  Thus, Plaintiffs' motion to strike Defendant's answer and to enter default is considered unopposed.

**B.  Motion to Strike Answer and Enter Default.**

Entry of default is warranted when a "party against whom a judgment for affirmative relief is sought has failed to plead or *otherwise defend* . . ." FED. R. CIV. P. 55(a) (emphasis added).  Entry of default has been approved in cases similar to the one before the Court.  *See Rhino Assoc. L.P., v. Berg Manuf. and Sales Corp.,* 531 F. Supp. 2d 652 (M.D. Penn. 2007) (entry of default warranted for failure of corporation to hire new counsel after motion of first counsel to withdraw was granted).  A district court has "inherent power 'necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Luis C. Forteza e Hijos, Inc. v. Mills,* 534 F.2d 415, 419 (1st Cir. 1976) (quoting *Link v. Wabash,* 370 U.S. 626, 631 (1962)).  The Fifth Circuit is in accord.  *See McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) ("[t]here is ample authority to uphold a district court's power to order entry of default for failure to comply with court orders or rules of procedure . . . ." (citing *Flaksa v. Little River Marine Const. Co.,* 389 F.2d 885 (5th Cir.    1968))); *Callip v. Harris Co. Child Welfare Dept.,* 757 F.2d 1513, 1518-19 (5th Cir. 1985) (upholding dismissal for want of prosecution when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the ends of justice); *see also U.S. v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985) (in weighing whether to set aside an entry of default, the district court should consider whether the "default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented").

Here there is ample evidence that the default was willful.  After filing an answer on behalf of Defendant, counsel lost contact with its owner.  The owner refused to answer counsel's calls or mail, requiring counsel to move to withdraw (D.E. 17).  The Magistrate Judge entered two orders requiring that Defendant hire counsel to make an appearance in the case.  Copies of the Orders were mailed and delivered to Defendant and its owner at the last known address (D.E. 20, 22).  Still Defendant did not respond.  Failure to move forward with the lawsuit will prejudice Plaintiffs, whose claims for overtime pay have been pending from several months to over a year.  Finally, there is no evidence of a meritorious defense because Defendant failed to hire counsel and participate in discovery and in the defense of Plaintiffs' claims.  The Court also finds that no lesser sanction than striking Defendant's answer and entering default is appropriate where Defendant appears to have completely abandoned its right to participate and defend this lawsuit.  *Cf. U.S. v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003) (collecting cases involving violation of discovery orders and requiring that the violation be willful and no lesser sanction appropriate).

Accordingly, Plaintiffs' motion to strike Defendant's answer and to enter default (D.E. 29) is GRANTED.  The Clerk is directed to strike Defendant's answer and enter default against Defendant.  Plaintiffs shall then file a motion for default judgment with the Court.

ORDERED this 31st day of October, 2016.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE